**RECORD NO. 13-4079**

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

v.

**GABRIEL TORRES GUTIERREZ,**

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE**

**REPLY BRIEF OF APPELLANT**

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**One Page Avenue, Suite 210**
**Asheville, North Carolina  28801**
**(828) 232-9992**

*Counsel for Appellant*

# Table of Contents

**Page**

Table of Authorities ................................................................................................... ii

Argument .................................................................................................................. 1

    I.    The Error Was Plain ................................................................................. 1

    II.    The Error Should Be Corrected Under *Slade* and *Peugh* .............................. 6

Conclusion ................................................................................................................ 8

Certificate of Compliance

Certificate of Filing and Service

# Table of Authorities

**Page(s)**

## Cases

*Bejarano-Urrutia v. Gonzales*,
   413 F.3d 444 (4th Cir. 2005) ................................................................. 3, 4, 5

*Chrzanoski v. Ashcroft*,
   327 F.3d 188 (2d Cir. 2003) ............................................................................ 5

*Dalton v. Ashcroft*,
   257 F.3d 200 (2d Cir. 2001) ............................................................................ 5

*Estrada-Espinoza v. Mukasey*,
   546 F.3d 1147 (9th Cir. 2008) ........................................................................ 5

*Garcia v. Gonzales*,
   455 F.3d 465 (4th Cir. 2006) .......................................................................... 3

*Leocal v. Ashcroft*,
   543 U.S. 1 (2004) ......................................................................................... 4, 6

*Peugh v. United States*,
   133 S. Ct. 2072 (2013) ............................................................................ 6, 7, 8

*Rivera-Cuartas v. Holder*,
   605 F.3d 699 (9th Cir. 2010) .......................................................................... 5

*United States v. Carthorne*,
   726 F.3d 503 (4th Cir. 2013) ...................................................................... 2, 4

*United States v. Cortez-Arias*,
   403 F.3d 1111 (9th Cir. 2005) ........................................................................ 6

*United States v. Curtis*,
   645 F.3d 937 (7th Cir. 2011) ...................................................................... 2, 3

*United States v. Martinez-Martinez*,
   468 F.3d 604 (9th Cir. 2006) ...................................................................... 2, 3

*United States v. Narvaez-Gomez*,
    489 F.3d 970 (9th Cir. 2007) ................................................................................6

*United States v. Olano*,
    507 U.S. 725 (1993) ...............................................................................................8

*United States v. Rangel-Castaneda*,
    709 F.3d 373 (4th Cir. 2013) ................................................................................5

*United States v. Slade*,
    631 F.3d 185 (4th Cir. 2011) ........................................................................ 6, 7, 8

*United States v. Torres-Miguel*,
    701 F.3d 165 (4th Cir. 2012) ................................................................................5

*United States v. Turner*,
    2000 WL 426618 (8th Cir. 2000) .........................................................................6

**Statutes**

18 U.S.C. § 16 ..................................................................................................................5

18 U.S.C. § 16(a) .............................................................................................................5

Cal. Penal Code § 246 ................................................................................................ 1, 6

**Guidelines**

U.S.S.G. § 2L1.2 .................................................................................................. 1, 4, 5, 6

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) ...................................................................................5

U.S.S.G. § 4B1.2(a)(1) ....................................................................................................4

U.S.S.G. § 4B1.2(a)(2) ....................................................................................................4

## Argument

The government does not defend the legal correctness of the 12-level, crime-of-violence enhancement applied at Gabriel Gutierrez's sentencing—an enhancement that more than doubled the guidelines range, raising it from 15-21 months to 37-46 months. Instead, the government's sole argument is that any error should not be corrected under the plain-error standard of review.

For the reasons explained below, this Court should reject the government's position, correct the district court's plain procedural error, and remand for resentencing.

I. **The Error Was Plain.**

Gutierrez argued in his opening brief that the district court plainly erred by applying the 12-level, crime-of-violence enhancement under U.S.S.G. § 2L1.2. He contended that his conviction under California Penal Code § 246—which prohibits shooting at an inhabited vehicle or dwelling—should not have triggered the enhancement. In support, he cited binding Fourth Circuit precedent holding that offenses with a *mens rea* of recklessness (like § 246) do not categorically qualify as crimes of violence, as well as a Ninth Circuit opinion applying that principle to conclude that a § 246 conviction does not trigger the § 2L1.2 enhancement. *See* Gutierrez's Op. Br. at 4-5, 7-9.

1

The government does not dispute Gutierrez's analysis and takes no position on whether the district court erred. Instead, it says that Gutierrez is not entitled to relief on plain-error review because any error was not "plain."[1]

The government offers two related arguments in support of its lack-of-plainness position. Neither has merit.

First, the government argues that the error can't be plain because the courts of appeals "are divided" on the issue of "whether a statute making it a crime to discharge a firearm into an occupied building or automobile qualifies categorically as a crime of violence." Gov't Br. at 12. In support, it cites two decisions—a Seventh Circuit case holding than an Illinois statute categorically qualifies as a crime of violence and a Ninth Circuit case holding that an Arizona statute does not. *See* Gov't Br. at 12-13 (citing *United States v. Curtis*, 645 F.3d 937 (7th Cir. 2011) and *United States v. Martinez-Martinez*, 468 F.3d 604 (9th Cir. 2006)).

The government's attempt to create the illusion of a circuit split must fail: There is no conflict between *Curtis* and *Martinez-Martinez*. In *Curtis*, the court reasoned that the Illinois statute categorically involved the use of force *against another person* because it applies only if the defendant knew (or reasonably should have known) that the fired-at vehicle was occupied. 645 F.3d at 941-42. By contrast, the

---

[1] The government asks this Court to hold that the error was not "plain" without first addressing whether there was an error. This Court should refuse that invitation. As it did in *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), the Court should first determine whether an error occurred before considering whether that error was plain.

2

Arizona statute in *Martinez-Martinez* prohibits shooting at a vacant building, so the court reasoned that it did not categorically involve the use of force *against another person*. 468 F.3d at 613. These decisions are logically compatible; the Illinois and Arizona statutes differ in a key respect that quite reasonably leads to a different outcome on the crime-of-violence issue.

Just as importantly, any (superficial) conflict between *Curtis* and *Martinez-Martinez* is irrelevant to this case. The crux of Gutierrez's argument is that an offense with a *mens rea* of recklessness cannot categorically qualify as a crime of violence. *See* Gutierrez's Op. Br. at 4-5, 7-9. Yet neither *Curtis* nor *Martinez-Martinez* addressed a statute requiring only a *mens rea* of recklessness. *See* 645 F.3d at 940 (Illinois statute requires knowing or intentional conduct); 468 F.3d at 609 (Arizona statute requires knowing conduct). And thus, contrary to the government's suggestion, neither case undermines or conflicts with Gutierrez's position.

Perhaps recognizing the illusory nature of its purported circuit split, the government offers a second lack-of-plainness argument. It observes that the two key Fourth Circuit cases relied on by Gutierrez—*Bejarano-Urrutia v. Gonzales*, 413 F.3d 444 (4th Cir. 2005) and *Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2006)—arose in the "altogether different context" of immigration proceedings. Gov't Br. at 15-16. It thus argues that those cases provide only "interpretive guidance" and are not the type of "binding authority" that would support reversal on plain-error review under this

3

Court's decision in *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013). *See* Gov't Br. at 17.

As an initial matter, the government's brief suggests (perhaps inadvertently) that *Carthorne* drew a distinction between "authoritative guidance" and "binding precedent." *See* Gov't Br. at 16-17. But *Carthorne* in fact equates those two phrases:

> While our decision in *White* provided **authoritative guidance** about the elements of common law assault and battery in Virginia, requiring the conclusion that ABPO in Virginia does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," *White*, 606 F.3d at 153, that decision was not **binding precedent** on the issue whether ABPO in Virginia is a crime of violence under the residual clause as presenting "a serious potential risk of physical injury to another."

726 F.3d at 516 (emphases added). In other words, *Carthorne* held that the error was not "plain" because the prior decision in *White* resolved only one part of the inquiry (whether the state offense qualified under § 4B1.2(a)(1)'s elements clause), but not the second part (whether the offense qualified under § 4B1.2(a)(2)'s residual clause).

In any event, the government is wrong to suggest that *Bejarano-Urrutia* and *Garcia* are not "binding" because they involved immigration proceedings rather than criminal prosecutions. The Supreme Court has held that the same statutory language must be interpreted consistently in both criminal and immigration-related proceedings. *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004). And this Court routinely relies on precedent from immigration cases when interpreting § 2L1.2's crime-of-

4

violence provision. *See, e.g.*, *United States v. Rangel-Castaneda*, 709 F.3d 373, 381 (4th Cir. 2013) (citing *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) and *Rivera-Cuartas v. Holder*, 605 F.3d 699 (9th Cir. 2010)); *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012) (citing *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003) and *Dalton v. Ashcroft*, 257 F.3d 200 (2d Cir. 2001)).

In sum, this Court's decisions in *Bejarano-Urrutia* and *Garcia* establish a straightforward principle of law: An offense that requires only a *mens rea* of recklessness does not qualify as a crime of violence under 18 U.S.C. § 16. These precedents dictate that such an offense also does not qualify as a crime of violence under U.S.S.G. § 2L1.2, which defines "crime of violence" in the same way as § 16(a).[2] Numerous other circuits have reached the same conclusion. *See* Gutierrez's Op. Br. at 8 n.2 (collecting § 2L1.2 cases from the Third, Sixth, Tenth, and Eleventh Circuits).

Despite seeking to create the illusion of a circuit split, the government has not been able to muster a single opinion from any court that reaches a contrary conclusion on this principle of law. Nor has it suggested that the Ninth Circuit erred when it applied this principle to hold that the very statute at issue here—California

---

[2] *Compare* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (defining "crime of violence" to include "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 16(a) (defining "crime of violence" to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

5

Penal Code § 246—is not a crime of violence under § 2L1.2.³ Accordingly, this Court should reject the government's argument that the error was not "plain."

## II. The Error Should Be Corrected Under *Slade* and *Peugh*.

The government also argues that, even if the error was plain, Gutierrez has not satisfied the third and fourth prongs of the plain-error standard. Specifically, it contends that because Gutierrez received an above-guidelines sentence, he cannot show that the error affected his substantial rights or the fairness of his sentencing. *See* Gov't Br. at 18-19.

The government's argument fails to address (or even cite) two key precedents that undermine its position. First, in *United States v. Slade*, this Court held that a guidelines-calculation error warranted correction on plain-error review where the record suggests that a properly calculated guidelines range "*might* have" resulted in a lesser sentence. 631 F.3d 185, 191 (4th Cir. 2011) (emphasis added). That standard is satisfied in this case because, as explained in the opening brief, the error here had a much greater relative impact on the guidelines range than the error noticed in *Slade*.

---

³   In a footnote, the government questions the accuracy of Gutierrez's assertion that "the only circuit court to address the issue has concluded that [§ 246] does not qualify" as a crime of violence. *See* Gov't Br. at 14 n.2 (citing *United States v. Turner*, 2000 WL 426618 (8th Cir. 2000) and *United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005)). But while the two cases the government cites do hold that § 246 is a crime of violence, neither addresses the *mens rea* issue that Gutierrez raises here. In fact, the Eighth Circuit's unpublished decision in *Turner* pre-dates the Supreme Court's key decision in *Leocal*. And the Ninth Circuit has recognized that its holding in *Cortez-Arias* "did not address the intent element of section 246" and is no longer good law. *See United States v. Narvaez-Gomez*, 489 F.3d 970, 976 n.3 (9th Cir. 2007).

6

*See* Gutierrez's Op. Br. at 10-11. Tellingly, the government neither acknowledges *Slade* nor responds to Gutierrez's argument that *Slade* should guide the Court's decision here.

Second, the government also does not acknowledge the Supreme Court's recent decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013). That decision directly undermines the government's suggestion that an above-guidelines sentence prevents a defendant from showing that a guidelines-calculation error impacted his sentence. As *Peugh* explains, the guidelines are intended to be "the lodestone of sentencing." *Id.* 2085. The properly calculated guidelines range thus serves to "anchor both the district court's discretion and the appellate review process." *Id.* at 2087. Contrary to the government's suggestion, that does not change when the sentencing court decides to vary above or below the advisory range. In fact, as *Peugh* points out, "the Sentencing Commission's data indicate that when a Guidelines range moves up or down, offenders' sentences move with it." *Id.* at 2084. So even if the sentencing judge "uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*." *Id.* at 2083 (emphasis in original; citation omitted); *see also id.* ("That a district court may ultimately sentence a given defendant outside the Guidelines range does not deprive the Guidelines of force as the framework for sentencing."); *id.* at 2084 n.5 (recognizing that "the applicable Guidelines channel sentences toward the specified range, even if they do not fix them within it").

7

The Supreme Court's re-affirmation in *Peugh* of the guidelines' foundational importance helps to highlight a simple truth in this case: Had the district court not erroneously applied a crime-of-violence enhancement that more than doubled the advisory range, Gutierrez very likely would have received a lesser sentence. The error thus affected his substantial rights, and failure to notice it would "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Slade*, 631 F.3d at 192 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). As in *Slade*, this Court should notice the error and remand for resentencing.

## Conclusion

For the reasons stated above and in the opening brief, this Court should vacate Gutierrez's sentence and remand for resentencing.

DATED this 15th day of October, 2013.

        Respectfully submitted,

        Henderson Hill
        Executive Director
        FEDERAL DEFENDERS OF
          WESTERN NORTH CAROLINA, INC.

        /s/ Joshua B. Carpenter
        Appellate Attorney
        FEDERAL DEFENDERS OF
          WESTERN NORTH CAROLINA, INC.
        One Page Avenue, Suite 210
        Asheville, North Carolina 28801
        (828) 232-9992

        *Counsel for Appellant*

## Certificate of Compliance

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,019*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Garamond*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>October 15, 2013</u>                    <u>/s/ Joshua B. Carpenter</u>
                                                  *Counsel for Appellant*

# **Certificate of Filing and Service**

I hereby certify that on this 15th day of October, 2013, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> William Miller
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina  28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 15th day of October, 2013, I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Joshua B. Carpenter
*Counsel for Appellant*